IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRITISH TELECOMMUNICATIONS PLC,   )
                                         )
                   Plaintiff,        )
                                         )
           v.                 )
                                         )   C.A. No. 11-1249 (LPS)
GOOGLE INC.,                    )
                                       )
               Defendant.      )

**DEFENDANT GOOGLE, INC.'S ANSWER TO
PLAINTIFF BRITISH TELECOMMUNICATIONS PLC'S
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Google, Inc. ("Google"), by and through its undersigned counsel, answers the First Amended Complaint for Patent Infringement ("First Amended Complaint") of Plaintiff British Telecommunications PLC ("BT") as follows:

**NATURE OF THE ACTION**

1.     Google admits that the Complaint purports to state a claim for patent infringement related to U.S. Patent No. 6,151,309 (entitled "Service Provision System for Communications Networks") (the "Busuioc" Patent), U.S. Patent No. 6,169,515 (entitled "Navigation Information System") (the "Mannings 1" Patent), U.S. Patent No. 6,397,040 (entitled "Telecommunications Apparatus and Method") (the "Titmuss 1" Patent), U.S. Patent No. 6,578,079 (entitled "Communications Node for Providing Network Based Information Service") (the "Gittins" Patent), U.S. Patent No. 6,650,284 (entitled "Information System") (the "Mannings 2" Patent), and U.S. Patent No. 6,826,598 (entitled "Storage and Retrieval of Location Based Information in a Distributed Network of Data Storage Devices") (the "Titmuss 2" Patent). Google expressly denies that it has infringed or infringes any of these patents.

2.      Google admits that Exhibit A appears to be a copy of the Busuioc Patent, but is without knowledge or information sufficient to form a belief as to whether the attached exhibit is a "true and correct" copy of the referenced patent and on that basis denies the allegations of paragraph 2 of the First Amended Complaint.

3.      Google admits that Exhibit B appears to be a copy of the Mannings 1 Patent, but is without knowledge or information sufficient to form a belief as to whether the attached exhibit is a "true and correct" copy of the referenced patent and on that basis denies the allegations of paragraph 3 of the First Amended Complaint.

4.      Google admits that Exhibit C appears to be a copy of the Titmuss 1 Patent, but is without knowledge or information sufficient to form a belief as to whether the attached exhibit is a "true and correct" copy of the referenced patent and on that basis denies the allegations of paragraph 4 of the First Amended Complaint.

5.      Google admits that Exhibit D appears to be a copy of the Gittins Patent, but is without knowledge or information sufficient to form a belief as to whether the attached exhibit is a "true and correct" copy of the referenced patent and on that basis denies the allegations of paragraph 5 of the First Amended Complaint.

6.      Google admits that Exhibit E appears to be a copy of the Mannings 2 Patent, but is without knowledge or information sufficient to form a belief as to whether the attached exhibit is a "true and correct" copy of the referenced patent and on that basis denies the allegations of paragraph 6 of the First Amended Complaint.

7.      Google admits that Exhibit F appears to be a copy of the Titmuss 2 Patent, but is without knowledge or information sufficient to form a belief as to whether the attached

exhibit is a "true and correct" copy of the referenced patent and on that basis denies the allegations of paragraph 2 of the First Amended Complaint.

8.      Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 8 of the First Amended Complaint.  Google admits that BT purports to seek monetary damages and injunctive relief.

## PARTIES

9.      Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the First Amended Complaint and on that basis denies the allegations contained therein.

10.      Admitted.

## JURISDICTION AND VENUE

11.      Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 11 of the Complaint.  Google admits that BT's First Amended Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100, *et seq.*

12.      Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 12 of the Complaint.  Google admits that this Court has subject matter jurisdiction over patent claims.

13.      Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 13 of the Complaint.  Google admits that it is organized and exists under the laws of the State of Delaware and that it has designated The Corporation Trust Company as its agent for service of process in Delaware.  For purposes of this action only, Google does not contest that it is subject to personal jurisdiction in this District

14.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 14 of the Complaint.  For purposes of this action only, Google does not contest that that venue is proper in this District.

## FACTUAL BACKGROUND

### BT

15.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the First Amended Complaint and on that basis denies the allegations contained therein.

16.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the First Amended Complaint and on that basis denies the allegations contained therein.

17.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the First Amended Complaint and on that basis denies the allegations contained therein.

18.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the First Amended Complaint and on that basis denies the allegations contained therein.

19.     Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the First Amended Complaint and on that basis denies the allegations contained therein.

### Google

20.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 20 of the First Amended Complaint or is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the First Amended Complaint and on that basis denies the allegations contained therein. Google admits that it was founded in 1998.

21.     Google denies the allegations contained in paragraph 21 of the First Amended Complaint, or is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the First Amended Complaint and on that basis denies the allegations contained therein.

### Google Infringes the Busuioc Patent

22.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 22 of the First Amended Complaint.  Google admits that on its face the Busuioc Patent indicates that it was issued by the United States Patent & Trademark Office on November 21, 2000, but denies that it was duly and legally issued.

23.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 23 of the First Amended Complaint.  Google specifically denies that the Busuioc Patent describes an invention and refers to the Busuioc Patent for its description.

24.     Google denies the allegations contained in paragraph 24 of the First Amended Complaint and specifically denies any infringement.

### *Google Music*

25.     Admitted.

26.     To the extent the allegations in paragraph 26 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

*Google Android*

27.    Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 27 of the First Amended Complaint.  Google admits that "Google Android is an operating system for mobile devices such as smartphones and tablet computers."

28.    To the extent the allegations in paragraph 28 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

## Infringement of the Mannings 1 Patent

29.    Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 29 of the First Amended Complaint.  Google admits that on its face the  Mannings 1 Patent indicates that it was issued by the United States Patent & Trademark Office on January 2, 2001, but denies that it was duly and legally issued.

30.    Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 30 of the First Amended Complaint.  Google admits that the Mannings 1 Patent purports to claim priority to a patent application filed in 1994 and refers to the Mannings 1 Patent for its description.

31.    Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 31 of the First Amended Complaint.  Google refers to the patent for its description.

32.    To the extent the allegations in paragraph 32 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations therein and Google specifically denies any infringement.

*Google Maps*

33.     Google denies the allegations contained in paragraph 33 of the First Amended Complaint.

34.     To the extent the allegations in paragraph 34 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

35.     To the extent the allegations in paragraph 35 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations therein and specifically denies any infringement of the Mannings 1 patent.

## Infringement of the Titmuss 1 Patent

36.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 36 of the First Amended Complaint.  Google admits that on its face the Titmuss 1 Patent indicates that it was issued by the United States Patent & Trademark Office on May 28, 2002, but denies that it was duly and legally issued.

37.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 37 of the First Amended Complaint.  Google refers to the Titmuss 1 Patent for its description.

38.     To the extent the allegations in paragraph 38 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations therein and Google specifically denies any infringement.

*Google Maps*

39.     Google denies the allegations contained in paragraph 39 of the First Amended Complaint.

40.     To the extent the allegations in paragraph 40 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

41.     To the extent the allegations in paragraph 41 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required and except as expressly admitted herein Google denies the allegations.

### Google Search

42.     To the extent the allegations in paragraph 42 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

43.     To the extent the allegations in paragraph 43 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.  Further, to the extent the allegations in paragraph 43 refer to actions or events that "may" happen, they do not make specific allegations to which further response is possible.

### Google Places

44.     Admitted.

45.     To the extent the allegations in paragraph 45 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

46.     To the extent the allegations in paragraph 46 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

### *Google Offers*

47.     Google denies the allegations contained in paragraph 47 of the First Amended Complaint.

48.     To the extent the allegations in paragraph 48 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

49.     To the extent the allegations in paragraph 49 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

### *Google's Location-Based Advertising*

50.     To the extent the allegations in paragraph 50 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

51.     To the extent the allegations in paragraph 51 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations. Google admits that http://www.google.com/ads/preferences/html/about.html refers to a Google web page, but denies that BT has accurately described such page or Google's products and services and instead refers to the page for the content thereof.

52.     To the extent the allegations in paragraph 52 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.  Google admits that it has informed Adsense publishers about the +1 feature, but denies the remaining allegations with respect thereto.

*Google+*

53.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 53 of the First Amended Complaint.  Google admits that Google+ is a social layer that works across various Google properties and products.

54.     To the extent the allegations in paragraph 54 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

## Infringement of the Gittins Patent

55.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 55 of the First Amended Complaint.  Google admits that on its face the Gittins Patent indicates that it was issued by the United States Patent & Trademark Office on June 23, 2003, but denies that it was duly and legally issued.

56.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 56 of the First Amended Complaint.  Google refers to the Gittins Patent for its description.

57.     To the extent the allegations in paragraph 57 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations therein and Google specifically denies any infringement.

*Google's Android Market*

58.     Except as expressly admitted herein, Google denies the allegations contained in paragraph 58 of the Complaint.  Google admits that under certain circumstances users may obtain software, movies, music, or ebooks through what was formerly known as Android Market.

59.     To the extent the allegations in paragraph 59 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

### Google Books & eBooks

60.     Google denies the allegations contained in paragraph 60 of the First Amended Complaint.

61.     To the extent the allegations in paragraph 61 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

### Google Music

62.     Google denies the allegations contained in paragraph 62 of the Complaint, particularly to the extent they purport to incorporate unspecified information "from above."

63.     To the extent the allegations in paragraph 63 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

### Infringement of the Mannings 2 Patent

64.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 64 of the First Amended Complaint.  Google admits that on its face the Mannings 2 Patent indicates that it was issued by the United States Patent & Trademark Office on November 18, 2003, but denies that it was duly and legally issued.

65.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 65 of the First Amended Complaint.  Google specifically

denies that the Mannings 2 Patent describes an invention and contains the same disclosure as the Mannings 1 Patent.  Google refers to the Mannings 2 Patent for its description.

66.     To the extent the allegations in paragraph 66 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

### Infringement of the Titmuss 2 Patent

67.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 67 of the First Amended Complaint.  Google admits that on its face the Titmuss 2 Patent indicates that it was issued by the United States Patent & Trademark Office on November 30, 2004, but denies that it was duly and legally issued.

68.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 68 of the First Amended Complaint.  Google refers to the Titmuss 2 Patent for its description.

69.     To the extent the allegations in paragraph 69 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations and Google specifically denies any infringement.

70.     To the extent the allegations in paragraph 70 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations and Google specifically denies any infringement.

71.     To the extent the allegations in paragraph 71 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations therein and Google specifically denies any infringement.

*Google Maps & Google Maps Navigation*

72.     Google denies the allegations contained in paragraph 72 of the First Amended Complaint.

73.     To the extent the allegations in paragraph 73 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.

74.     Except as expressly admitted herein, Google denies the remaining allegations contained in paragraph 74 of the First Amended Complaint.   To the extent the allegations in paragraph 74 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google denies the allegations.   Google admits that "Google Maps Navigation is an Internet-connected GPS navigation system with voice guidance."

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,151,309)

75.     Google repeats and incorporates by reference its responses as set forth in paragraphs 1-74 above.

76.     To the extent the allegations in paragraph 76 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the First Amended Complaint and on that basis denies the allegations contained therein.

77.     Google denies the allegations of paragraph 77 of the First Amended Complaint.

78.     Google denies the allegations of paragraph 78 of the First Amended Complaint.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 6,169,515)

79.     Google repeats and incorporates by reference its responses as set forth in paragraphs 1-74 above.

80.     To the extent the allegations in paragraph 80 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the First Amended Complaint and on that basis denies the allegations contained therein.

81.     Google denies the allegations of paragraph 81 of the First Amended Complaint.

82.     Google denies the allegations of paragraph 82 of the First Amended Complaint.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 6,397,040)

83.     Google repeats and incorporates by reference its responses as set forth in paragraphs 1-74 above.

84.     To the extent the allegations in paragraph 84 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the First Amended Complaint and on that basis denies the allegations contained therein.

85.     Google denies the allegations of paragraph 85 of the First Amended Complaint.

86.     Google denies the allegations of paragraph 86 of the First Amended Complaint.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 6,578,079)

87.     Google repeats and incorporates by reference its responses as set forth in paragraphs 1-74 above.

88.     To the extent the allegations in paragraph 88 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the First Amended Complaint and on that basis denies the allegations contained therein.

89.     Google denies the allegations of paragraph 89 of the First Amended Complaint.

90.     Google denies the allegations of paragraph 90 of the First Amended Complaint.

## COUNT V
### (INFRINGEMENT OF U.S. PATENT NO. 6,650,284)

91.     Google repeats and incorporates by reference its responses as set forth in paragraphs 1-74 above.

92.     To the extent the allegations in paragraph 92 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 92 of the First Amended Complaint and on that basis denies the allegations contained therein.

93.     Google denies the allegations of paragraph 93 of the First Amended Complaint.

94.     Google denies the allegations of paragraph 94 of the First Amended Complaint.

## COUNT VI
### (INFRINGEMENT OF U.S. PATENT NO. 6,826,598)

95.     Google repeats and incorporates by reference its responses as set forth in paragraphs 1-74 above.

96.     To the extent the allegations in paragraph 96 are conclusions of law or legal argument, they do not require a response, but to the extent a response is required Google is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the First Amended Complaint and on that basis denies the allegations contained therein.

97.     Google denies the allegations of paragraph 97 of the First Amended Complaint.

98.     Google denies the allegations of paragraph 98 of the First Amended Complaint.

*     *     *

Google denies that BT is entitled to the relief sought in items A through E in the Prayer for Relief Section of the First Amended Complaint.

## DEFENSES / AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.   In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST DEFENSE/AFFIRMATIVE DEFENSE

99.    Google has not infringed and is not infringing any claim of the Busuioc, Mannings 1, Titmuss 1, Gittins, Mannings 2, or Titmuss 2 patents (the "Patents-in-Suit"), either literally and/or under the doctrine of equivalents.

### SECOND DEFENSE/AFFIRMATIVE DEFENSE

100.    Each of the claims of the Patents-in-Suit is invalid and/or void for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 *et seq.*

### THIRD DEFENSE/AFFIRMATIVE DEFENSE

101.    BT is estopped from construing any valid claim of the Patents-in-Suit to cover or include, either literally or by application of the doctrine of equivalents, any product or service manufactured, used, imported, sold, or offered by Google because of admissions and statements to the United States Patent and Trademark Office in the specification of those patents and during prosecution of the applications leading to the issuance of those patents.

## FOURTH DEFENSE/AFFIRMATIVE DEFENSE

102.     BT is not entitled to injunctive relief because any alleged injury to BT is not immediate or irreparable, and BT has an adequate remedy at law.

## FIFTH DEFENSE/AFFIRMATIVE DEFENSE

103.     With respect to each purported claim for relief alleged in the First Amended Complaint, BT fails to state a claim against Google upon which relief may be granted, including but not limited to any claim for infringement.

## SIXTH DEFENSE/AFFIRMATIVE DEFENSE

104.     The claims alleged in the First Amended Complaint are barred, in whole or in part, by the doctrine of laches and/or estoppel.

## SEVENTH DEFENSE/AFFIRMATIVE DEFENSE

105.     Plaintiff's claims for damages, if any, against Google for alleged infringement of the Patents-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

## EIGHTH DEFENSE/AFFIRMATIVE DEFENSE

106.     The claims alleged in the First Amended Complaint are barred, in whole or in part, by an implied license which has arisen through BT's conduct, including the promotion of certain Google products and/or the sale and/or offer for sale of both products and services that incorporate, recommend or rely upon the accused Google products and services.

## NINTH DEFENSE/AFFIRMATIVE DEFENSE

107.     Google's investigation of its defenses is continuing, and Google expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and

further investigation in this case. Google also expressly incorporates by reference herein all defenses pleaded by any other defendant in this action in its respective answer to the First Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Google respectfully requests that the Court enter an Order and Judgment:

A.     Dismissing BT's claims against Google with prejudice;

B.     Denying all relief sought by BT;

C.     That Google has not infringed and is not infringing any claim of the Patents-in-Suit, literally or under the doctrine of equivalents;

D.     That all asserted claims of the Patents-in-Suit are invalid and/or void;

E.     That this case is exceptional under 35 U.S.C. § 285 and awarding to Google its costs, attorneys' fees, and expenses incurred in defending against BT's First Amended Complaint; and

F.     Awarding Google such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Google requests a trial by jury as to all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paul Saindon*

_____
Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Dimitrios T. Drivas
Kevin X. McGann
John P. Scheibeler
Robert E. Counihan
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036
(212) 819-8200

March 26, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 26, 2012, upon the following in the manner indicated:

Melanie K. Sharp, Esquire                                      *VIA ELECTRONIC MAIL*
Ericka R. Caesar, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801

James H. Shalek, Esquire                                       *VIA ELECTRONIC MAIL*
Robert Mayer, Esquire
Joon Yoon, Esquire
Fabio Tarud, Esquire
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036

Justin J. Daniels, Esquire                                     *VIA ELECTRONIC MAIL*
Sean D. Whaley, Esquire
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600

*/s/ Paul Saindon*
_____
Paul Saindon (#5110)