IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No.:  11-1249-LPS |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT [PROPOSED] SCHEDULING ORDER

This _____ day of July, 2012, the Court having conducted an initial Rule 16 scheduling

and planning conference pursuant to Local Rule 16.2(a) on July 18, 2012, and the parties having

determined after discussion that the matter cannot be resolved at this juncture by settlement,

voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.  Unless

otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to

Federal Rule of Civil Procedure 26(a)(1) and the Court's Default Standard for Discovery of

Electronic Documents ("Default Discovery Order") **within twenty (20) days** of the date of this

Order.  If they have not already done so, the parties are to review the Default Discovery Order,

which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc

Committee for Electronic Discovery), and is incorporated by reference, unless otherwise

modified by the Court's order or upon agreement of the Parties.  The parties will meet and confer

separately regarding electronic discovery issues and contemplate submitting an Agreement to the

Court on those issues **within thirty (30) days** of the date of this Order.  Dates and timing set

forth in this Scheduling Order shall supersede any dates and timing set forth in the Court's Default Discovery Order.

2.     Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 22, 2013**. Notwithstanding the foregoing, all motions to add claims and/or affirmative defenses for inequitable conduct shall be filed on or before **August 22, 2013**.

3.     Discovery.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a.     Fact Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before **June 28, 2013**.

    b.     Initial Patent Discovery.   Initial patent discovery shall be conducted pursuant to the Default Discovery Order, except to the extent modified below.[1]

       i.     On or before **August 9, 2012**, Plaintiff shall specifically identify the accused products and the asserted patents and representative claims they allegedly infringe, without prejudice to supplement them, and produce the file history for each asserted patent.

       ii.     On or before **September 28, 2012**, Defendant shall produce to Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

       iii.     On or before **November 19, 2012**, Plaintiff shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

---

[1] Pursuant to the Default Discovery Order, each party shall be permitted to supplement.

01:12304533.1

iv.      On or before **January 15, 2013**, Defendant shall produce to Plaintiff its invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

c.      <u>Document Production.</u>  Document production shall be substantially complete by **March 1, 2013**.

d.      <u>Requests for Admission.</u>  A maximum of **50** requests for admission are permitted for each side, not including requests for admission directed to the authentication of documents and other physical evidence.

e      <u>Interrogatories.</u>

i.      A maximum of **50** interrogatories, including contention interrogatories, are permitted for each side.

ii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

f.      <u>Depositions.</u>

i.      <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of **175** hours of fact depositions.  No deposition shall last longer than 7 hours, except that any inventor named on more than one patent may be deposed for up to two consecutive seven-hour (7) days.

ii.      <u>Location of Depositions.</u>  The parties agree that witnesses, officers, directors and employees of a party and/or under the control of a party will be deposed at a

location in the contiguous United States convenient for the witness (ordinarily the place of residence or employment), except that the parties will meet and confer and work together in good faith on the location of depositions should any party wish to conduct a deposition at an alternative location.  If the parties cannot otherwise agree on a location, any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        g.      <u>Disclosure of Expert Testimony.</u>

        i.      <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 26, 2013**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 30, 2013**.  Reply expert reports from the party with the initial burden of proof are due on or before **September 20, 2013**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.      <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

iii.    Expert Discovery Cut-off. All expert discovery in this case shall be completed on or before **October 25, 2013**.

h.    Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4.    Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court **within ten (10) days** from the date of this

01:12304533.1

Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel

must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case.  Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated "confidential" [the
> parties should list any other level of designation, such as "highly
> confidential," which may be provided for in the protective order]
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

5.  <u>Papers Filed Under Seal.</u>  When filing papers under seal, counsel shall deliver to

the Clerk an original and one (1) copy of the papers.  In accordance with section G of the

Administrative Procedures Governing Filing and Service by Electronic Means, a redacted

version of any sealed document shall be filed electronically **within seven (7) days** of the filing of

the sealed document.

6.  <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies

of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed

under seal.

7.  <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the

possibility of alternative dispute resolution.

8.  <u>Interim Status Report.</u>  On **December 20, 2012**, counsel shall submit a joint letter

to the Court with an interim report on the nature of the matters in issue and the progress of

discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status

conference.

        9.      <u>Tutorial Describing the Technology and Matters in Issue.</u>  Unless otherwise

ordered by the Court, the parties shall provide the Court, no later than the date on which their

opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard,

the parties may separately or jointly submit a DVD of not more than 30 minutes.  The tutorial

should focus on the technology in issue and should not be used to argue claim construction

contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective

order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing

party's tutorial.  Any such comment shall be filed no later than the date on which the answering

claim construction briefs are due.  As to the format selected, the parties should confirm the

Court's technical abilities to access the information contained in the tutorial.

        10.     <u>Claim Construction Issue Identification.</u>  If the Court does not find that a limited

earlier claim construction would be helpful in resolving the case, on **January 18, 2013**, the

parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction

and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed

with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a

Joint Claim Construction Chart to be submitted on **February 15, 2013**.  The parties' Joint Claim

Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue,

and should include each party's proposed construction of the disputed claim language with

citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A

copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be

submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

11.    <u>Claim Construction Briefing.</u>  The parties shall contemporaneously submit initial briefs on claim construction issues on **March 8, 2013**.  The parties' answering/responsive briefs shall be contemporaneously submitted on **April 1, 2013**.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.  Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

12.    <u>Hearing on Claim Construction.</u>  Beginning at 10:00 a.m. on **April 22, 2013**, the Court will hear argument on claim construction.  The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13.    <u>Case Dispositive Motions.</u>  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **November 15, 2013**.  Answering briefs shall be filed on or before **December 6, 2013**, and reply briefs shall be filed on or before **December 20, 2013**.  Briefing will be presented pursuant to the Court's Local Rules.  No case dispositive motion under Rule 56 may be filed **more than ten (10) days before the above date** without leave of the Court.  Each party is permitted to file as many case dispositive motions as desired; provided, however, that each party will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.

01:12304533.1

14.     <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.     <u>E-mail Service</u>.  The parties have consented in writing to service by e-mail, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, and to dispense with hand delivery.

16.     <u>Pretrial Conference.</u>  On **January 21, 2014**, the Court will hold a pretrial conference in Court with counsel beginning at 10:00 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **January 14, 2014**.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.  The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

17.     <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or

01:12304533.1

opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

19.     Trial. This matter is scheduled for a 10-day jury trial beginning at 10:00 a.m. on **February 3, 2014**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____

UNITED STATES DISTRICT JUDGE