## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BRITISH TELECOMMUNICATIONS PLC,

        *Plaintiff,*

        v.

GOOGLE INC.,

        *Defendant.*

C.A. No. 11-1249-LPS

### MEMORANDUM ORDER

Plaintiff British Telecommunications PLC has moved for leave to file a First
Supplemental Complaint to include claims of indirect infringement for events occurring after the
filing of the original complaint. (D.I. 16) Defendant Google Inc. opposes Plaintiff's motion.
(D.I. 18) For the reasons set forth below, the Court GRANTS Plaintiff's motion.

1.      Plaintiff filed its original complaint on December 15, 2011. (D.I. 1) Plaintiff
alleges that Defendant infringes U.S. Patent Nos. 6,151,309, 6,169,515, 6,397,040, 6,578,079,
6,650,284, and 6,826,598 (collectively, the "patents-in-suit"). (*Id.*)

2.      On or about March 7, 2012, Defendant introduced a new product and/or service
called Google Play. (D.I. 16) On March 20, 2012, Plaintiff filed its motion for leave to
supplement its complaint to add allegations regarding Google Play and also to include indirect
infringement claims based on Google's knowledge of the patents-in-suit since at least the time of
the filing of the original complaint. (D.I. 16)

3.      Federal Rule of Civil Procedure 15(d) governs parties' efforts to supplement
pleadings based on actions occurring after the filing of the pleading to be supplemented. The
standard for supplemental pleadings under Rule 15(d) is "essentially the same" as under Rule
15(a). *Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006). The decision
to grant or deny leave to amend is within the discretion of the Court. *See Foman v. Davis*, 371

U.S. 178, 182 (1962). In the absence of undue delay, bad faith, or dilatory motive on the part of the moving party, leave should be freely granted unless it causes undue prejudice to the non-moving party or would be futile. *See id.* The Third Circuit has adopted a liberal approach to granting leave to amend. *See Dole v. Acro*, 921 F.2d 484, 487 (3d Cir. 1990).

4.      The Court is persuaded that the proper course of action is to grant Plaintiff's motion for leave to amend. There is no evidence of undue delay, bad faith, or dilatory motive on the part of Plaintiff. Indeed, Plaintiff filed its motion before discovery began, within the time frame for supplementing or amending pleadings as set forth in the Scheduling Order (D.I. 26), and within four months of filing its original complaint.

5.      Defendant's argument that the motion is futile because Plaintiff fails to state a plausible claim of indirect infringement is unpersuasive. While Defendant notes that decisions in this District are not uniform as to whether knowledge of a patent may be demonstrated by filing of a complaint (D.I. 18), the undersigned judge has expressed the view that, for purposes of indirect infringement occurring after the filing date, "an accused infringer is on notice of the patent(s)-in-suit once an initial pleading identifies the patents-in-suit." *Softview LLC v. Apple Inc.*, 2012 WL 3061027, at *7 (D. Del. July 26, 2012) (rejecting defendant's argument that pre-suit knowledge was required); *see also Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 573-74 (D. Del. 2012).

Accordingly, Plaintiff's Motion for Leave to File First Supplemental Complaint (D.I. 16) is GRANTED. Plaintiff has until September 24, 2012 to file the supplemental complaint it has proposed.

Dated: September 20, 2012
Wilmington, Delaware

UNITED STATES DISTRICT COURT

2