IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 11-1249 (LPS) |
| GOOGLE INC., | ) ) ) | |
| Defendant. | | |

**DEFENDANT GOOGLE INC.'S NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6)
OF BRITISH TELECOMMUNICATIONS PLC**

PLEASE TAKE NOTICE that Defendant Google, Inc. ("Google") will take the oral deposition of Plaintiff British Telecommunications PLC ("BT") under Rule 30(b)(6) of the Federal Rules of Civil Procedure on the topics set forth in Schedule A on February 25, 2013, beginning at 9:00 am EST at White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, or a mutually convenient location to be agreed upon by the parties, and will continue day to day thereafter until completed. The deposition will be taken before a notary public or other officer duly authorized to administer oaths and take testimony. The deposition will be recorded by stenographic means and may be audiotaped and/or videotaped.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), BT is required to designate and produce one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf with respect to each of the topics set forth in Schedule A. The person(s) so designated shall be required to testify as to each of those matters known or reasonably available to BT.

No later than five (5) business days prior to the agreed date of the deposition, BT

is requested to provide Google with written notice of the name and position of employment of each designee testifying on behalf of BT and the topics as to which each such designee will testify.  Also no later than five (5) business days prior to the agreed date of the deposition, BT is requested to produce any and all documents in possession, custody, or control of BT or any of its designee(s) relating to each topic to the extent all such documents have not been previously provided to White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036.  In the event BT fails to comply with either request for any of the noticed topics, Google reserves the right to recall BT and or each designee for further deposition on any such topic.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paul Saindon*

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Dimitrios T. Drivas
Kevin X. McGann
Jeffrey J. Oelke
John P. Scheibeler
Robert E. Counihan
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036
(212) 819-8200

February 7, 2013

2

## SCHEDULE A

### Definitions and Instructions

Google incorporates by reference the definitions and instructions set forth in Defendant Google, Inc.'s First Set of Document Requests (Nos. 1-82) to Plaintiff British Telecommunications PLC dated August 13, 2012, Defendant Google, Inc.'s Second Set of Document Requests (Nos. 83-107) to Plaintiff British Telecommunications PLC dated November 20, 2012 and in Defendant Google, Inc.'s Third Set of Document Requests (Nos. 108-116) to Plaintiff British Telecommunications PLC dated February 6, 2013 (collectively, "Google's Document Requests (Nos. 1-116)"). The definitions and instructions incorporated by reference shall have the same force as if fully stated herein.

### Topics for Deposition

1. The physical archives, repositories, and other locations used for the storage of hard copy documents, whether such storage locations are retained by BT or any other entity, that were searched by BT to identify documents responsive to Google's Document Requests (Nos. 1-116).

2. The electronic archives, repositories, and other locations used for the storage of hard copy documents, whether such storage locations are retained by BT or any other entity, that were searched by BT to identify documents responsive to Google's Document Requests (Nos. 1-116).

3. The physical and electronic archives, repositories, and other locations, whether such storage locations are retained by BT or any other entity, that were searched by BT to identify documents that were created or maintained by each of the inventors of the Patents-in-Suit.

4. With respect to each of the Patents-in-Suit, the physical and electronic archives, repositories, and other locations used for the storage and retention of hard copy documents relating to the conception and reduction to practice of the Technology-in-Suit.

5. With respect to each of the Patents-in-Suit, the physical and electronic archives, repositories, and other locations used for the storage and retention of hard copy documents that were in the possession or under the control of any of the inventors of the Patents-in-Suit at the time of their collection by BT.

6. BT's document retention policy for documents created during the period between January 1, 1993 and December 31, 2005, including any information related to the Patent Families of the Patents-in-Suit or the Technology-in-Suit that is subject to any issue of BT Information Retention Schedule.

7. BT's document retention policy for hard copy documents created during the period between January 1, 1993 and December 31, 2005, including:
     a. BT's document retention policy at the start of such period,
     b. Any changes to such policy,
     c. The date such change in policy was made, and
     d. The reason for such change in policy.

8. BT's policies, procedures, or actions relating to the scanning into electronic storage of any hard copy documents relating to the conception and reduction to practice of the Technology-in-Suit, including whether originals were maintained or destroyed, and if originals were maintained, their current location.

9. BT's policies, procedures, or actions relating to the scanning into electronic storage of hard copy documents that were in the possession or under the control of any of the inventors of the Patents-in-Suit at the time of their collection by BT, including whether originals were maintained or destroyed, and if originals were maintained, their current location.

10. Of the locations identified in any above topic, the locations searched by BT for purposes of this litigation in order to identify documents responsive to Google's Document Requests (Nos. 1-116), including, but not limited:.
     a. Inventor notebooks;
     b. Group presentations;
     c. Notes or minutes from meetings, conversations or telephone calls;
     d. Inter-office memoranda;
     e. Invention disclosures;
     f. Source code and computer data;
     g. Contracts, purchase orders and invoices;
     h. Advertisements and marketing materials;
     i. Offer letters;
     j. Beta site testing agreements; and
     k. Third party or joint development agreements.

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 7, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Melanie K. Sharp, Esquire<br>Monte T. Squire, Esquire<br>Robert M. Vrana, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| James H. Shalek, Esquire<br>Robert Mayer, Esquire<br>Joon Yoon, Esquire<br>Fabio Tarud, Esquire<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY  10036 | *VIA ELECTRONIC MAIL* |
| Justin J. Daniels, Esquire<br>Sean D. Whaley, Esquire<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, MA  02110-2600 | *VIA ELECTRONIC MAIL* |

*/s/ Paul Saindon*

Paul Saindon (#5110)