IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRITISH TELECOMMUNICATIONS PLC, )
                                )
          Plaintiff,            )
                                )
                v.              )      C. A. No.:  11-1249 (LPS)
                                )
GOOGLE INC.,                    )
                                )
          Defendant.            )
                                )

**PLAINTIFF BRITISH TELECOMMUNICATIONS PLC'S
OPENING BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND SUPPLEMENTAL COMPLAINT FOR PATENT INFRINGEMENT**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Monté T. Squire (No. 4764)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
P. O. Box 391
Wilmington, DE  19899-0391
(302) 571-6681
msharp@ycst.com

PROSKAUER ROSE LLP
James H. Shalek
Nolan M. Goldberg
Robert S. Mayer
Joon R. Yoon
Fabio E. Tarud
Eleven Times Square
New York, NY  10036
(212) 969-3000

Justin J. Daniels
Sean D. Whaley
One International Place
Boston, MA  02110-2600
(617) 526-9600

*Attorneys for British Telecommunications plc*

Dated: March 22, 2013

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

II.   SUMMARY OF ARGUMENT ........................................................................................... 1

III.  STATEMENT OF FACTS ................................................................................................. 3

IV.  ARGUMENT ..................................................................................................................... 4

     A.    Standard of Review ................................................................................................ 4

     B.    BT's Amendment Is Timely ................................................................................... 5

     C.    Google's Post-Filing Activity Constitutes Willful Infringement ............................ 5

     D.    It Would Not Be Futile, Nor Cause Undue Delay or Prejudice, To Grant the Requested Amendment ........................................................................................... 6

     E.    BT's Proposed Second Supplemental Complaint Adequately Pleads Willful Infringement ........................................................................................................... 7

V.   CONCLUSION ................................................................................................................. 8

01:13467796.1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Berkshire Fashions, Inc. v. The M.V. Hakusan II,*
  954 F.2d 874 (3d Cir. 1992) .........................................................................................................4

*Dole v. Arco Chem. Co.,*
  921 F.2d 484 (3d Cir. 1990) .........................................................................................................4

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.,*
  609 F. Supp. 2d 1090 (E.D. Cal. 2009) .......................................................................................5

*In re Burlington Coat Factory Sec. Litig.,*
  114 F.3d 1410 (3d Cir. 1997) .......................................................................................................4

*In re Seagate Tech., LLC,*
  497 F.3d 1360 (Fed. Cir. 2007) ................................................................................................5, 7

*Krippelz v. Ford Motor Co.,*
  636 F. Supp. 2d 669 (N.D. Ill. 2009).............................................................................................5

*Micron Tech., Inc. v. Rambus Inc.,*
  409 F. Supp. 2d 552 (D. Del. 2006) .............................................................................................4

*Softview LLC v. Apple Inc.,*
  No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) (Stark, J.)....................................7

*St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.,*
  No. 10-425-LPS, 2012 U.S. Dist. LEXIS 42749 (D. Del. Mar. 28, 2012) (Stark, J.)...............7

*St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.,*
  No. 04-1436-JJF-LPS, 2009 U.S. Dist. LEXIS 49882 (D. Del. June 10, 2009) ...............2, 5, 6

*Ultratech Int'l, Inc. v Swimways Corp.,*
  No. 3:05-cv-134, 2009 U.S. Dist. LEXIS 80997 (M.D. Fla. Mar. 3, 2009)...............................6

01:13467796.1

Plaintiff British Telecommunications plc ("BT") respectfully seeks leave under Fed. R. Civ. P. 15(d) to amend its First Supplemental Complaint and file a Second Supplemental Complaint, a copy of which is attached to the accompanying motion as Exhibit 1.[1]  The purpose of the amendment is to add allegations of willful patent infringement against defendant Google Inc. ("Google").

## I.   NATURE AND STAGE OF THE PROCEEDINGS

On December 15, 2011, BT filed this case against Google for infringement of six BT patents (D.I. 1), including U.S. Patent No. 6,151,309 ("the Busuioc Patent") and U.S. Patent No. 6,397,040 ("the Titmuss 1 Patent").  On February 21, 2012, Google filed a motion to dismiss the Complaint (D.I. 10).  BT filed its First Amended Complaint (D.I. 13) on March 9, 2012 removing its claims of indirect and willful infringement. Google thereafter withdrew its motion (D.I. 15), and answered BT's First Amended Complaint (D.I. 17).

On September 21, 2012, BT filed its First Supplemental Complaint (D.I. 45) alleging claims of indirect infringement occurring after the filing of the original Complaint and addressing Google's introduction of a new product.  Google answered (D.I. 48) on October 10, 2012.

## II.   SUMMARY OF ARGUMENT

Pursuant to Fed. R. Civ. P. 15(d), BT's Motion for Leave to File Second Supplemental Complaint for Patent Infringement should be granted for the following reasons:

---

[1] A copy of the form of the Second Supplemental Complaint indicating in what respect it differs from BT's First Supplemental Complaint for Patent Infringement is attached to the motion as Exhibit 2.

1.     BT's Motion is Timely. BT's motion for leave is brought in accordance with the March 22 deadline the Scheduling Order provides for the amendment of pleadings and more than three months before the Scheduling Order's June 28, 2013 fact discovery cutoff.

2.     Google's Post-Filing Activity Constitutes Willful Infringement. Despite the PTO's issuance of a Reexamination Certificate and a Notice of Intent to Issue Ex Parte Reexamination Certificate ("NIIRC") confirming patentability of the claims of two of the patents-in-suit, Google has continued its infringing activity. Google's continued, post-filing infringement constitutes willful infringement.

3.     It Would Not Be Futile, Nor Cause Undue Delay or Prejudice, To Grant the Requested Amendment. This Court has held that it would not be futile to amend a complaint to allege willful infringement in circumstances directly on point with the present case. *See St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.,* No. 04-1436-JJF-LPS, 2009 U.S. Dist. LEXIS 49882, at *6-7 (D. Del. June 10, 2009). Moreover, granting BT's motion would not cause any undue delay or prejudice since BT is filing this motion following the conclusion of reexamination proceedings and Google has been fully aware of the patents-in-suit and BT's claims of willful infringement since this case was initiated.

4.     BT's Proposed Second Supplemental Complaint Adequately Pleads Willful Infringement. BT alleges sufficient facts to establish Google's actual notice of the Busuioc and Titmuss 1 Patents and that Google's continued infringement of the Busuioc and Titmuss 1 Patents after issuance of the Reexamination Certificate and NIIRC, respectively, was deliberate, and occurred despite an objectively high likelihood that its actions constituted infringement of valid patents.

## III.    STATEMENT OF FACTS

BT now seeks leave to supplement its First Supplemental Complaint to allege that Google's post-filing knowledge and conduct constitutes willful infringement of the Busuioc and Titmuss 1 Patents.

Google's motion to dismiss the original Complaint (D.I. 10) had alleged, *inter alia,* that BT's willful infringement claims failed to state claims upon which relief can be granted because "post-filing knowledge of the patents-in-suit cannot support willfulness claims in an original complaint." (D.I. 11, at 8). To avoid motion practice, BT filed its First Amended Complaint (D.I. 13) on March 9, 2012 removing its claims of willful infringement, specifically stating that action was "without waiver of or prejudice to reasserting those counts as discovery progresses." (*See* D.I. 14, at 1).

Since receiving notice in the original Complaint of the Busuioc and Titmuss 1 Patents and BT's claims of infringement, Google has continued its infringing activity. Instead of ceasing such conduct, on June 11, 2012 Google submitted to the U.S. PTO a request for reexamination of the Busuioc Patent (D.I. 22).[2] A request for reexamination of the Titmuss 1 Patent was submitted on September 6, 2012. During the pendency of the reexaminations, Google continued its infringing activity.

A Reexamination Certificate issued on July 29, 2013 confirming the patentability of all 25 claims of the Busuioc Patent without amendment (hereinafter referred to as the "Busuioc Reexamination Certificate").[3] On March 15, 2013 the U.S. PTO issued a NIIRC confirming the patentability of all 44 claims of the Titmuss 1 Patent without amendment (hereinafter referred to

---

[2] Though Google's letter to the Court (D.I. 22) indicates a date of June 12, 2012, official PTO records indicate the reexamination of the Busuioc Patent was commenced on June 11, 2012.

[3] The Busuioc Reexamination Certificate is attached to the accompanying Declaration of Joon Yoon as Ex. A.

as the "Titmuss 1 NIIRC").[4] Despite the issuance of the Busuioc Reexamination Certificate and Titmuss 1 NIIRC confirming patentability of the claims of the Busuioc and Titmuss 1 Patents, Google has continued its infringing activity.  In view of Google's continued activity after receiving notice of the patents and in the face of a high likelihood of infringement of these valid patents, BT moves to request leave to add a claim that Google's continued infringement of the Busuioc and Titmuss 1 Patents constitutes willful infringement.

## IV.  ARGUMENT

### A.  Standard of Review

Fed. R. Civ. P. 15(d) allows a party to supplement its pleadings to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  "The standard for supplemental pleadings under Rule 15(d) is 'essentially the same' as under Rule 15(a)."  (D.I. 44 at ¶ 3, *citing Micron Tech., Inc. v. Rambus Inc.,* 409 F. Supp. 2d 552, 558 (D. Del. 2006)).  Rule 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires."  The decision to grant or deny leave to amend lies within the discretion of the court.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997), *citing, Foman v. Davis*, 371 U.S. 178, 182 (1962).  That discretion "should be exercised within the context of liberal pleading rules."  *Berkshire Fashions, Inc. v. The M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992).  The Third Circuit has "held consistently that leave to amend should be granted freely" which "ensures that a particular claim will be decided on the merits rather than on technicalities."  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990).  Leave to supplement should be granted unless it causes undue delay or undue prejudice.  *Micron*, 409 F. Supp. 2d at 558.

---

[4] The Titmuss 1 NIIRC is attached to the accompanying Declaration as Ex. B.

01:13467796.1

4

## B. BT's Amendment Is Timely

The July 23, 2012 Joint Scheduling Order in this case contemplates that additional claims may be added to the pleadings: "All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March 22, 2013." (D.I. 26, at 2). BT's motion is therefore timely and also brought more than three months before the Scheduling Order's June 28, 2013 fact discovery cutoff. *Id.*

## C. Google's Post-Filing Activity Constitutes Willful Infringement

Post-filing conduct may be grounds for a willful infringement claim. The Federal Circuit has expressly held that "whether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case." *In re Seagate Tech., LLC,* 497 F.3d 1360, 1374 (Fed. Cir. 2007). Several cases have since held that a patent holder can assert willful infringement based on post-filing conduct. *See Duhn Oil Tool, Inc. v. Cooper Cameron Corp.,* 609 F. Supp. 2d 1090, 1097 (E.D. Cal. 2009) (granting motion to amend complaint to add claim for willful infringement); *Krippelz v. Ford Motor Co.,* 636 F. Supp. 2d 669, 676 (N.D. Ill. 2009) (finding Ford a willful infringer during period after Board of Patent Appeals confirmed validity of patent in suit). In *Krippelz,* the Court held that "the fact that Ford consistently sold infringing devices during these periods [i.e., "when it was clear that Ford had no objectively reasonable ... operative prior art defense"], without investigation and regardless of the availability of reasonable defenses, demonstrates that Ford acted with the same state of mind throughout these periods, recklessly ignoring an obvious risk." *Id.* at 674; *see also St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.,* No. 04-1436-JJF-LPS, 2009 U.S. Dist. LEXIS 49882, at *7 (D. Del. June 10, 2009) (Stark, J.) (Magistrate Stark's findings adopted by district judge at 2009 U.S. Dist. LEXIS 66359 (D. Del. July 28, 2009))

01:13467796.1

("defendant's continued use of the ... patent could be reasonably considered 'objectively reckless'"). Here too, Google's continued infringement after the PTO confirmed the validity of the Busuioc and Titmuss 1 Patents may constitute willful infringement.

### D. It Would Not Be Futile, Nor Cause Undue Delay or Prejudice, To Grant the Requested Amendment

This Court has held that it would not be futile to amend a Complaint to allege willful infringement in circumstances directly on point with the present case. Leave to amend to allege willful infringement was expressly allowed when a "reexamination proceeding resulted in the issuance of reexamination certificates for each of the patents-in-suit without amendment to any of the claims." *St. Clair*, 2009 U.S. Dist. LEXIS 49882, at \*6-7. All 25 claims of the Busuioc Patent have been confirmed, without amendment, by the U.S. PTO. (*See* Exhibit A of accompanying Declaration of Joon Yoon.) All 44 claims of the Titmuss 1 Patent have been confirmed, without amendment, by the U.S. PTO. (*See* Exhibit B of accompanying declaration.)

It has also been held that waiting for the conclusion of reexamination proceedings to allege a claim of willful infringement does not constitute undue delay. In *Ultratech Int'l, Inc. v Swimways Corp.*, No. 3:05-cv-134, 2009 U.S. Dist. LEXIS 80997, at \*8 (M.D. Fla. Mar. 3, 2009), the Court found that:

> before the Reexamination Certificate issued, allegations that Defendant's actions were deliberate or reckless would not have provided sufficient factual or legal grounds because the validity of the '437 patent remained questionable. However, once the USPTO had made its final decision, Defendant's continued use of the '437 patent could reasonably be considered 'objectively reckless.' Therefore, it is only since the USPTO's certification that Plaintiffs could in good faith consider bringing a claim of willful infringement.

There also is no undue prejudice to Google in allowing BT to amend its Complaint. BT's original Complaint (D.I. 1) alleged willful infringement of each of the six patents-in-suit. In amending its Complaint to remove the initial allegations of willful infringement, BT expressly

01:13467796.1

6

reserved its rights to reassert those counts. (D.I. 14, ¶ 2). Thus, Google has been aware of the patents-in-suit and BT's claims of willful infringement since the case was initiated. Moreover, the Court's Scheduling Order expressly contemplates amending the pleadings until March 22, 2013.

### E.  BT's Proposed Second Supplemental Complaint Adequately Pleads Willful Infringement

"Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement; rather, a plaintiff may plead facts giving rise to 'at least a showing of objective recklessness' of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, No. 10-425-LPS, 2012 U.S. Dist. LEXIS 42749, at *6 (D. Del. Mar. 28, 2012) (Stark, J.); *see also In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness.")

Here, BT alleges that "Google received actual notice of the Busuioc [Titmuss 1] Patent at least as early as its receipt of the Complaint on or about December 16, 2011." (*See* Ex. 1 of accompanying motion, at ¶¶ 80, 104). *See Softview LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012) (Stark, J.) ("In the Court's view, an accused infringer is on notice of the patent(s)-in-suit once an initial pleading identifies the patents-in-suit."); *see also,* D.I. 44, ¶ 5.

BT also alleges sufficient facts to establish that Google's continued infringement of the Busuioc and Titmuss 1 Patents after issuance of the Busuioc Reexamination Certificate and Titmuss 1 NIIRC was deliberate and in disregard of BT's valid patent rights, and thus Google acted despite an objectively high likelihood that its actions constituted infringement of valid patents. (*See* Ex. 1 of accompanying motion, at ¶¶ 84-91, 107-114).

## V.    CONCLUSION

For the foregoing reasons, BT respectfully requests that leave to supplement its complaint be granted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


__/s/ Monté T. Squire_____
Melanie K. Sharp (No. 2501)
Monté T. Squire (No. 4764)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE  19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
msharp@ycst.com

PROSKAUER ROSE LLP
James H. Shalek
Nolan M. Goldberg
Robert S. Mayer
Joon R. Yoon
Fabio E. Tarud
Eleven Times Square
New York, NY  10036
(212) 969-3000

Justin J. Daniels
Sean D. Whaley
One International Place
Boston, MA  02110-2600
(617) 526-9600

Dated:  March 22, 2013        *Attorneys for British Telecommunications plc*

01:13467796.1