IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRITISH TELECOMMUNICATIONS PLC, :
:
          Plaintiff, :
:
v. : C.A. No. 11-1249-LPS
:
GOOGLE INC., :
:
          Defendant. :

**MEMORANDUM ORDER**

Pending before the Court is Defendant Google Inc.'s ("Google") Motion to Bifurcate Damages from Liability. (D.I. 167) Plaintiff British Telecommunications plc ("BT") opposes the motion. (D.I. 188) The parties completed briefing on the motion on July 10, 2013. (D.I. 167, 188, 196) For the reasons discussed below, the Court will GRANT Google's motion.

1. Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Separating issues for trial is part of the Court's broad discretion in trial management. *See Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987). In exercising its discretion, the Court "should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Enzo Life Scis., Inc. v. Digene Corp.*, 2003 WL 21402512, at *4 (D. Del. June 10, 2003).

2. Google requests that the Court bifurcate damages from liability issues because of the complex nature and massive size of the case. Google's specific request is to bifurcate expert discovery and trial relating to damages; importantly, the parties have completed fact discovery on

liability and damages. Google contends that the bifurcation it requests will avoid jury confusion, which otherwise could become unmanageable given that BT asserts 23 claims in four patents-in-suit and accuses at least fifty Google products. Google also argues that bifurcation would conserve juridical resources and that BT – which does not practice the technology of the patents-in-suit – would not suffer unfair prejudice.

3. BT responds by emphasizing that it has narrowed the number of issues, including by reducing the number of asserted claims and stipulating to a stay of proceedings with respect to several patents that it was originally asserting in this action. BT promises to narrow the issues further, particularly following the Court's claim construction ruling. BT also asserts that damages and liability are "inextricably intertwined," that Google's motion is untimely, that the requested bifurcation will not promote judicial economy, and that BT will be severely prejudiced from the additional time it would take to complete this litigation. Additionally, BT accuses Google of filing this motion as a tactical measure, consistent with what it characterizes as Google's pattern of obstructing discovery. Finally, BT offers that "if the Court should require it, BT is entirely prepared to focus the initial trial [on] liability and damages issues relating to infringement of the '040 patent."[1] (D.I. 188 at 20)

4. The Court finds it proper to exercise its discretion to bifurcate damages issues for expert discovery and trial. Bifurcation will reduce the risk of juror confusion. This is a complicated case, involving multiple patents, a variety of asserted claims, differing theories of infringement, and a wide range of accused products. In the context of the instant case, it would

---

[1] Google states that it would accept a non-bifurcated trial on this single patent only if BT dismisses all of the other infringement claims with prejudice. (D.I. 196 at 2) The Court has received no indication that BT has accepted this proposal.

be extremely difficult for a single jury to determine infringement and validity and concurrently craft a damages award that is consistent with whatever portion of the fifty or so accused products the jury finds to infringe particular valid patent claims. Requiring the parties' experts to formulate a host of contingent damages models, and to testify to the same before the jury, would be expensive and confusing as well. Bifurcation also presents the possibility of preservation of judicial (and party) resources, particularly if the jury finds certain claims to be not infringed or invalid, or finds that certain accused products do not infringe any valid claims. Finally, because the parties are not competitors – and BT does not practice the patented technology – and many years passed between the issuance of the patents and BT's decision to initiate suit against Google, the prejudice to BT from any delay resulting from bifurcation does not render bifurcation inappropriate.

Accordingly, IT IS HEREBY ORDERED THAT Google's Motion to Bifurcate Damages from Liability (D.I. 167) is GRANTED.

Dated: July 22, 2013
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

3