IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1249 (LPS) |
| | ) | |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GOOGLE INC.'S OPPOSITION TO BRITISH
TELECOMMUNICATIONS PLC'S MOTION TO STRIKE**

Plaintiff British Telecommunications plc ("BT") does not and cannot argue that the body of Defendant Google Inc.'s ("Google") Opening Brief in Support of its Motion for Summary Judgment does not comply with the forty-page limit for Google's opening summary judgment brief.  Instead, it takes issue with two tables and two exhibits, stating that "[t]he Table of Abbreviations, Table of Witnesses, and Exhibits A and B . . . include factual matter, citations, and legal arguments that should be properly set forth within the forty-page body of the brief." (D.I. 274 ¶ 2).  BT is simply wrong.  There is no argument or factual support for any argument in those tables and exhibits.  Google offered them to assist the Court in navigating through a complex motion covering three unrelated patents, 17 patent claims, and more than 25 accused products, with the hope that they would be helpful to the Court.

Those tables and exhibits are not argument and are not something that should have been included in the body of a brief.[1]  The Table of Abbreviations lists abbreviations found

---

[1]     Contrary to BT's suggestion, L.R. 7.1.3(c) does not prohibit any sections from being included in a brief; rather, it sets forth the sections that must be included in a brief.  In fact, other sections, such as an "Introduction" or tables such as the ones Google includes are routinely added to briefs.

in the brief and indicates where cited documents are located in the Appendix. The Table of Witnesses lists witnesses mentioned in the brief and, in plain terms, the relevant topic for that witness. Exhibit A is a table of the claim limitations in dispute for each patent and each accused product. Google's intent in providing that table was to make it easier for the Court to deal with Google's motion by having a summary of the claims and products at issue in one place.[2] Finally, Exhibit B is a table of the claim language and Court's claim constructions for each asserted claim. Google could have pointed the Court to the four patents and the claim construction Order, but it seemed more helpful to include all the terms and constructions at issue in one place. None of these exhibits or tables is argumentative or controversial.

Judge Andrews' Order in *Medicines Company Inc. v. Hospira, Inc.*, C.A. No. 09-750-RGA (D. Del. Nov. 13, 2013), cited by BT, involved an entirely different situation. There, the defendant attached to its brief 47 pages of argumentative invalidity contentions in an element-by-element, claim chart form. As Judge Andrews stated, "[the exhibits] are Hospira's analysis of the record offered in support of their arguments." *Id.* By contrast, the tables here contain no analysis of the record and are not offered to support Google's arguments. The Table of Abbreviations, for example, merely lists abbreviations, and the exhibit with the language of the claims and the Court's claim constructions is just that. Google gained no unfair advantage by providing them. If, however, BT wants to include similar tables and charts of its own to assist the Court, Google does not object, as it advised BT before this motion was filed. *See* Ex. B of BT's Brief in Support of the Motion to Strike. But nowhere does BT explain how those tables

---

[2]      Indeed, in another case in which Google is a party, this Court asked during oral argument a few months ago that Google provide a summary like Exhibit A linking the accused products and asserted claims to assist the Court, and permitted the plaintiff to respond, if it felt a need to do so.

and charts prejudice BT or justify BT's request for additional pages of argument for its answering brief.

Finally, BT requests not only that the Court strike the tables and charts, but also that it strike "all arguments depending on facts and citations set forth in Google's [tables and exhibits]" (D.I. 112 ¶ 4). That makes no sense. The Table of Abbreviations and Table of Witnesses are not mentioned in Google's brief, and Exhibits A and B are referenced only in passing in footnote 2, which merely describes what they are. It is not clear exactly what BT is requesting. For example, Exhibit B, includes the claim terms and the Court's claim constructions. Those terms and constructions provide the basis for Google's non-infringement motion, but the same may be found in the Court's claim construction order and the patents. BT cannot really be asking that the Court strike Google's non-infringement arguments because they rely on the claims of the patents, which are included in an exhibit attached to the brief.

BT does not need additional pages for its brief to respond to the tables. There is no argument to respond to beyond that set forth in the body of Google's brief, and certainly no prejudice to BT from Google including any of the tables or exhibits. As noted above, BT can provide its own tables and exhibits to assist the Court, if it feels the need to do so, because they are within the Local Rules and practice. BT's motion to strike should otherwise be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
Eleanor Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com
etennyson@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Dimitrios T. Drivas
Kevin X. McGann
Jeffrey J. Oelke
John P. Scheibeler
Robert E. Counihan
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036
(212) 819-8200

November 27, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 27, 2013, upon the following in the manner indicated:

Melanie K. Sharp, Esquire                              *VIA ELECTRONIC MAIL*
Monte T. Squire, Esquire
Robert M. Vrana, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for British Telecommunications plc*


James H. Shalek, Esquire                               *VIA ELECTRONIC MAIL*
Robert Mayer, Esquire
Joon Yoon, Esquire
Fabio Tarud, Esquire
Jonathan M. Sharret, Esquire
Elias Schilowitz, Esquire
Alan Federbush, Esquire
John C. Stellabotte, Esquire
Nolan M. Goldberg, Esquire
Ryan Pifer, Esquire
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036-8299
*Attorneys for British Telecommunications plc*

Justin J. Daniels, Esquire                             *VIA ELECTRONIC MAIL*
Sean D. Whaley, Esquire
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
*Attorneys for British Telecommunications plc*

Michael W. McDermott, Esquire                                    *VIA ELECTRONIC MAIL*
David B. Anthony, Esquire
BERGER HARRIS, LLC
One Commerce Center, 3rd Floor
1201 North Orange Street
Wilmington, DE  19801
*Attorneys for British Telecommunications plc*


_____
Jack B. Blumenfeld (#1014)