IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRITISH TELECOMMUNICATIONS PLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1249 (LPS) |
| | ) | |
| GOOGLE INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GOOGLE INC.'S ANSWERING BRIEF IN OPPOSITION
TO PLAINTIFF BRITISH TELECOMMUNICATIONS PLC'S OPENING
BRIEF IN SUPPORT OF PARTIAL *DAUBERT* MOTION TO PRECLUDE
<u>ALEXANDER B. TREVOR FROM TESTIFYING AT TRIAL</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
Eleanor Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com
etennyson@mnat.com

OF COUNSEL:

*Attorneys for Defendant*

Dimitrios T. Drivas
Kevin X. McGann
Jeffrey J. Oelke
John P. Scheibeler
Robert E. Counihan
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036
(212) 819-8200

Original Filing Date:  December 2, 2013
Redacted Filing Date:  December 9, 2013

# TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF PROCEEDINGS ............................................................ 1

II.   SUMMARY OF ARGUMENT .............................................................................. 1

III.  STATEMENT OF FACTS .................................................................................... 3

      A.    Mr. Trevor's Qualifications and Scope of Opinions ...................................... 3

      B.    Mr. Trevor's Opinions Regarding CompuServe ............................................ 4

      C.    Mr. Trevor's Opinions Regarding Lotus Notes .............................................. 7

      D.    Mr. Trevor's Testimony in Connection with the *Soverain* Case ................... 8

IV.   LEGAL STANDARDS FOR ADMISSIBILITY OF EXPERT TESTIMONY ....... 8

V.    ARGUMENT .................................................................................................... 10

      A.    All of BT's Challenges Go To the Weight, Not the Admissibility of Mr. Trevor's Testimony ................................................................................... 11

      B.    As Described by Mr. Trevor, CompuServe and Lotus Notes were in Public Use Prior to 1997 ........................................................................................ 12

      C.    Mr. Trevor's Opinions on CompuServe and Lotus Notes Are Corroborated ................................................................................................. 14

VI.   CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

## CASES

*Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316 (3d Cir. 2003)...........................................................8

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ......................................................8, 9

*Finnigan Corp. v. Int'l Trade Commission*, 180 F.3d 1354 (Fed. Cir. 1999), 1362....................9, 10

*In re Paoli Railroad Yard PC Litig.*, 35 F.3d 717 (Fed. Cir. 1994)..............................................9, 11

*Inline Connection Corp. v. AOL Time Warner Inc.*, 472 F. Supp. 2d 604 (D. Del. 2007) ...........9, 15

*Juicy Whip, Inc. v. Orange Bang, Inc.* 292 F.3d 728 (Fed. Cir. 2002) ...............................................1

*Kannankeril v. Terminix Int'l Inc.*, 128 F.3d 802 (3d Cir. 1997) .......................................................9

*Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 38 USPQ2d 1288 (Fed. Cir. 1996) ............................10

*Soverain Software LLC v. Newegg Inc.,* 705 F.3d 1333 (Fed. Cir. Jan. 22, 2013)......................8, 15

*Walker v. Gordon*, 46 Fed. Appx. 691, 2002 U.S. App. Lexis 19237 ........................................9, 12

## STATUTES AND RULES

Fed. R. of Evid. 702 ....................................................................................................................1, 8, 9, 11

Defendant Google Inc. ("Google") opposes Plaintiff British Telecommunications plc's ("BT") motion to exclude the testimony of Google's expert, Alexander B. Trevor ("Mr. Trevor"), as expert testimony on the invalidity of U.S. Patent No. 6,578,079 (the "'079 patent"). D.I. 258; Trevor Op. Brief (D.I. 259). This is Google's answering brief in opposition to BT's motion.

## I.      NATURE AND STAGE OF PROCEEDINGS

Expert discovery concluded on November 6, 2013. On November 15, 2013, the parties exchanged summary judgment motions and motions to exclude expert testimony. The proposed Pretrial Order is due on January 14, 2014 in anticipation of the Pretrial Conference scheduled for January 21, 2013. Trial is scheduled to begin on February 3, 2014.

## II.     SUMMARY OF ARGUMENT

BT alleges that Mr. Trevor's testimony on CompuServe and Lotus Notes is unreliable but provides no factual or legal basis to arrive at such a conclusion. BT's entire argument is premised on a misunderstanding of law. Relying on the Federal Circuit's decision in *Juicy Whip, Inc. v. Orange Bang, Inc.*, BT contends that a potential challenge to Google's evidentiary burden regarding the public use of prior art systems is a basis to exclude expert testimony as unreliable. *Juicy Whip, Inc. v. Orange Bang, Inc.* 292 F.3d 728 (Fed. Cir. 2002). *Juicy Whip* does not support this proposition and in fact, does not concern the exclusion of evidence at all. *See, e.g., id.* at 743 ("We do not conclude that the witnesses below were not credible. Rather, with the guidance of precedent cautioning against the reliance on oral testimony alone, we hold that the evidence of record did not provide the clear and convincing evidence necessary to invalidate the patent for prior public knowledge."). In fact, the burden of proof for invalidity and the reliability of expert testimony are two separate and distinct inquiries. Relevant precedent under Fed. R. of

Evid. 702 clearly cautions courts to avoid weighing evidence, which is exactly what BT seeks here from the Court.

Further, BT's motion is devoid of any factual support.  BT asserts that CompuServe and Lotus Notes never existed as described by Mr. Trevor but provides no evidence for this conclusion.  Nor does BT even attempt to rebut the substance of Mr. Trevor's opinions on these prior art systems.  Further, BT's motion is rife with factual omissions and mischaracterizations of Mr. Trevor's deposition testimony.  BT repeatedly claims that Mr. Trevor has no personal knowledge of changes to CompuServe but <u>never</u> mentions that Mr. Trevor was the Chief Technical Officer of CompuServe from 1981-1996.  BT also omits critical facts in asserting that the District Court in the *Soverain* case deemed Mr. Trevor's testimony unreliable.  The biggest omission is that on appeal in the *Soverain* case, the Federal Circuit reversed the District Court decision and explicitly relied upon Mr. Trevor's testimony to support its decision that the asserted patent was invalid based on the public use of CompuServe.  BT chose not to disclose this decision.

Lastly, BT attempts to present a sufficiency of evidence issue – whether prior public use of prior art is corroborated – as a basis to exclude Mr. Trevor's testimony.  Not only is BT wrong on the sufficiency of the evidence issue, but a *Daubert* motion is not the proper vehicle for the relief sought.   BT's arguments regarding corroboration are also contradicted by the evidentiary record.   In the extensive analysis of his opening and reply reports, Mr. Trevor relies upon multiple documents, books, and other publications (in addition to his personal experience with the products) to corroborate the public use of CompuServe and Lotus Notes.  For these reasons, the Court should deny BT's motion.

III.    **STATEMENT OF FACTS**

The '079 patent relates to a single network access point (the "service node") through which users access and manage information items originating from remote information service providers ("ISPs"), such as newspaper and magazine publishers. '079 patent at 2:59-67; *see also* Court's September 9, 2013 Claim Construction Memorandum (D.I. 235), at 9.  BT alleges that Google infringes claims 14, 20, 21 and 27 of the '079 patent (the "asserted claims").  Google asserts that the '079 patent is anticipated and rendered obvious by the public use of the CompuServe Products ("CompuServe") and the public use of the Lotus Notes Products ("Lotus Notes").

Google has offered Mr. Trevor as an expert witness on the invalidity of the '079 patent. Mr. Trevor submitted opening and reply reports on invalidity (dated August 9, 2013 and October 10, 2013, respectively).  In response, BT offered its own expert, Dr. Philip S. Greenspun ("Dr. Greenspun") as a rebuttal expert.

A.    **Mr. Trevor's Qualifications and Scope of Opinions**

Mr. Trevor has a B.S. in physics and a M.S. in electrical engineering.  Trevor CV, p.2; Trevor Tr. 9:12-11:18.   Mr. Trevor has "40 years of experience in the online and Internet services industry, software engineering, and logic." Trevor Op., ¶ 5.  Mr. Trevor worked at CompuServe from 1971 to 1996, serving as CompuServe's Chief Technical Officer from 1981 to 1996.  Trevor CV, p.2; Trevor Tr. 13:20-16:18.  From 1980 to 1996, Mr. Trevor "personally participated in the beta testing of most new CompuServe services, and did further testing and use of systems after they were put into production."  Trevor Op., ¶ 8.  Mr. Trevor also used Lotus Notes prior to 1997.  *Id*. at ¶ 74.

Mr. Trevor opines that a number of prior art references anticipate and render obvious the '079 patent.  Specifically, Mr. Trevor asserts:

- The public use of CompuServe anticipates and, alone or in combination with other references, renders obvious claims 14, 20, 21 and 27 of the '079 patent. Trevor Op, ¶¶ 82-86 (referring claim charts C1-C3); Trevor Reply, ¶¶ 32-33, 64-65, 82.

- The public use of Lotus Notes anticipates and, alone or in combination with other references, renders obvious claims 14, 20, 21 and 27 of the '079 patent. Trevor Op., ¶¶ 89-90 (referencing claim chart C5); Trevor Reply, ¶¶ 116-117.

**B.** **Mr. Trevor's Opinions Regarding CompuServe**

Mr. Trevor opines that the asserted claims of the '079 patent are anticipated and rendered obvious by three features of CompuServe that were in public use prior to October 22, 1997. Trevor Op., ¶¶ 61, 82-86 (referencing Appendices C1-C3).  These three features are (1) the CompuServe Travel Services, (2) CompuServe Forums, and (3) CompuServe Personal Menu and Executive News Service (ENS) (collectively, the "CompuServe products").  *Id*. at ¶¶ 82-86.  By 1995, CompuServe Travel Services (i.e. TravelShopper and EasySabre) allowed users to search for airline flights, purchase tickets and make, review and manage reservations that were maintained on the airline computers.  *See, e.g.*, *id*. at ¶ 62.  CompuServe Forums allowed users to share and post content, through a collection of message boards, a data library and an online conferencing area.  *See, e.g.*, *id*. at ¶¶ 64-65.  CompuServe Personal Menu and ENS were online services that allowed CompuServe users to customize the information available to the user.  *See, e.g.*, *id*. at ¶¶ 66-67.  To support his opinions, Mr. Trevor relies on a number of publications to corroborate his conclusions:

4

| Publication | Exhibit (Bates Nos.) | Date Published |
|---|---|---|
| CompuServe Information Manager, CS-640 (11/1989), CompuServe Incorporated ("**CIM 89**"). | Padro Decl., Ex. E (Goog_BT_A_003060-003103) | 1989 |
| CompuServe Information Service Users Guide, CS-525-SG (04/1995), CompuServe Incorporated ("**CS-525**") | Padro Decl., Ex. F (Goog_BT_A_006244-006278) | 1995 |
| Using CompuServe, Ellsworth & Ellsworth, QUE ("**Ellsworth**"). | Padro Decl., Ex. G (Goog_BT_A_003881-004350) | 1994 |
| How to Get the Most Out of CompuServe, 4th Ed., Bowen & Peyton, Bantam ("**Bowen 4**"). | Padro Decl., Ex. H (Goog_BT_A_002486-002979) | 1989 |
| How to Get the Most Out of CompuServe, 5th Ed., Bowen & Peyton, Bantam ("**Bowen 5**"). | Padro Decl., Ex. I (Goog_BT_A_007170-007457) | 1993 |
| CompuServe Forum Sysop Manual, CompuServe Incorporated ("**Sysop Manual**"). | Padro Decl., Ex. J (Goog_BT_A_005948-005964) | 1992 |
| Hierarchical Routing for the CompuServe Network, Robert D. Cornett, Wright State University ("**Cornett**"). | Padro Decl., Ex. K Goog_BT_A_(006279-006367) | 1985 |
| CompuServe Complete Handbook and Membership Kit 2nd Edition, Steve Davis, Prima Publishing ("**Davis**") | Padro Decl., Ex. L (Goog_BT_A_007456-007460) | 1996 |
| Inside CompuServe, 3rd Ed., Richard Wagner, New Riders Publishing ("**Wagner**") | Padro Decl., Ex. M (Goog_BT_A_009908-010428) | 1995 |

Mr. Trevor has personal knowledge of all the different versions of CompuServe Information Software ("CIS") (which included the features at issue in this case) and knew the difference between each of these versions. *See, e.g.*, Trevor Tr. 120:4-23. All of the different versions of the CompuServe products described in Mr. Trevor's report "operate the same way." *Id.* at

5

*131*:22-133:4; *see also, id.* at 36:7-39:9; 139:15-140:5.   Not surprisingly when asked over periods spanning from the early 80s to 1997, Mr. Trevor testified that there were changes, including bug fixes and that he might not recall each one off the top of his head, but would be happy to address any specific questions.  *See e.g.*, *id.,* at 40:17-41:25.   Further, Mr. Trevor had personal knowledge of the storage systems of the CompuServe products from 1989 to 1994, which relate to element 14.B of his reports.  *Id.* at 148:19-149:22.   Mr. Trevor also relies on his personal experience with CompuServe and his background in the design and testing of the CompuServe products.  *See, e.g.*, *id.,* at 120:4-23; 131:22-133:4; 148:19-149:22.

Further, Mr. Trevor recently used and tested the CompuServe TravelShopper product, as it exist in 1995 to further support his opinions.  *See, e.g.*, Trevor Reply, Appendix B.  This software was run on the America Online ("AOL") Legal Department's CompuServe Archive System.  *Id.*  Mr. Trevor confirmed that the CompuServe TravelShopper software was a true and accurate copy of the CompuServe software that was publicly accessible in 1995.  *See, id.*; *see also* Trevor Tr. 19:19-20:25.   A video documenting Mr. Trevor's use of CompuServe TravelShopper was produced by Google on July 19, 2013 (entitled ResReview-06.mov, Goog_BT_A_009130) ("CS Travel Video").  *See* Padro Ex. N, letter from Robert Counihan to Joon Yoon regarding the production of Goog_BT_A_004999-Goog_BT_A_009644, dated July 19, 2013.  Accompanying the CS Travel Video, Google also produced a communication log, entitled "CS Travel Log" (Goog_BT_A_005965-6091), that corresponds to the test session recorded in the video.  *Id.*  Screenshots from the CS Travel Video and excerpts accompanying CS Travel Log were used in Mr. Trevor's opening report.  *See, e.g.*, Trevor Op., Appendix C-1, p.7.

6

C.     **Mr. Trevor's Opinions Regarding Lotus Notes**

Mr. Trevor opines that the asserted claims of the '079 patent are anticipated and rendered obvious by the public use of Lotus Notes prior to October 22, 1997.  Trevor Op., ¶¶ 73, 89-90. Lotus Notes is an enterprise software that allowed multiple users (such as employees of an enterprise) to access common information organized in databases stored on network servers. *See, e.g.*, *id.*, at ¶¶ 74-76.

To support his opinions, Mr. Trevor relies on the following three publications:

| Publication | Exhibit (Bates Nos.) | Date Published |
|---|---|---|
| Using Lotus Notes, Mark Schulman, QUE ("**Schulman**"). | Padro    Ex.    O, (Goog_BT_A_ 011343-011731) | 1994 |
| Lotus Notes: The Complete Reference, Barbara A. Bolin & R. Benjamin Ordoñes, Osborne McGraw-Hill ("**Bolin**"). | Padro    Ex.    P, (Goog_BT_A_ 010462-011306) | 1996 |
| Lotus Notes Plain & Simple, Robert Clayton, SYBEX Inc., ("**Clayton**"). | Padro    Ex.    Q, (Goog_BT_A_ 007472-007573) | 1995 |

All three publications were published in the span of two years (1994 to 1996) and cover the versions of Lotus Notes available at the time.  *See, e.g.*, Trevor Tr. 152:15-153:14; 154:4-22; 159:17-160:2;    154:23-155:12;    Schulman    at    Goog_BT_A_011345;    Bolin    at Goog_BT_A_010462-64; Clayton at Goog_BT_A_007473.   Specifically, Schulman covers Lotus Notes Version 3.0, Bolin covers Lotus Notes Version 4.0 and earlier versions, and Clayton covers the Lotus Notes versions available as of 1995.  Trevor Tr. 152:15-153:14 (Schulman); 154:4-22; 159:17-160:2 (Bolin); 154:23-155:12 (Clayton).  Mr. Trevor opined that, based on his review of the publications, there were no changes in the data storage means in Lotus Notes between versions 3.0 and 4.0.  Trevor Tr. 157:3-14; 157:24-158:10.  Mr. Trevor opined that the

combination of these three publications was "totally reasonable." *Id.,* at 159:17-160:2. Mr. Trevor also relies on his personal experience with Lotus Notes to support his conclusions. Trevor Op., ¶ 74.

### D.     Mr. Trevor's Testimony in Connection with the *Soverain* Case

Mr. Trevor served as a <u>fact witness</u> on the "CompuServe Mall" system for defendant Newegg Inc. in *Soverain Software LLC v. CDW Corp.*, C.A. No. 6:07-CV-00511-LED. D.I. 260, Declaration of Jonathan M. Sharret in Support of Plaintiff British Telecommunication plc's Partial *Daubert* Motion to Preclude Alexander B. Trevor from Testifying at Trial, Ex. F, p. 1. The District Court (E.D. T.X.) granted, in part, a motion in *limine* to exclude Mr. Trevor's testimony. *Id.*, at Ex. E, p. 2. The Court, however, still permitted Newegg to present Mr. Trevor as a fact witness at trial, outside the presence of the jury. *Id.*, at Ex. F, p. 1. At no point during the *Soverain* case was Mr. Trevor's testimony stricken because it lacked reliability. *Id.* On appeal, the Federal Circuit reversed the District Court's finding of validity, repeatedly citing Mr. Trevor's trial testimony on the features of CompuServe Mall as a basis for concluding that the asserted patent was invalid (based on the public use of the CompuServe Mall system). *Soverain Software LLC v. Newegg Inc.,* 705 F.3d 1333, 1338-41 (Fed. Cir. Jan. 22, 2013).

## IV.     LEGAL STANDARDS FOR ADMISSIBILITY OF EXPERT TESTIMONY

Pursuant to Federal Rule of Evidence 702, expert testimony is admissible when it will assist the trier of fact in determining the facts at issue or understanding the subject matter at hand. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993). The Third Circuit has interpreted Rule 702 to impose three requirements: "qualification, reliability and fit." *Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316 (3d Cir. 2003) (quoting *Schneider v. Fried*, 320 F.3d 396, 405 (3d Cir. 2003); *Kannankeril v. Terminix Int'l Inc.*, 128

F.3d 802, 806 (3d Cir. 1997).  Thus, expert testimony is admissible when it is reliable and when it is relevant to the issues at hand.  *See* Fed. R. of Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993); *Kannankeril*, 128 F.3d at 806.

Expert testimony is reliable if it is based on "valid reasoning and reliable methodology." *Id*.  The measure of reliability is not whether the expert's conclusions are correct, rather "[t]he ultimate touchstone is helpfulness to the trier of fact."  *In re Paoli Railroad Yard PC Litig.*, 35 F.3d 717, 744 (Fed. Cir. 1994) (internal quotation marks and citations omitted); *Walker v. Gordon*, 46 Fed. Appx. 691, 695, 2002 U.S. App. Lexis 19237, at **7-10 (3d Cir. 2002) ("Determinations regarding the weight to be accorded, and the sufficiency of, the evidence relied upon by the proffered expert, are within the sole province of the jury.") (citing *Breidor v. Sears, Roebuck and Co.*, 722 F.2d 1134, 1138-39 (3d Cir. 1983).  In patent cases, whether a particular prior art was in use is a question of fact for the jury and not to be decided in a *Daubert* motion. *See Finnigan Corp. v. Int'l Trade Commission*, 180 F.3d 1354 (Fed. Cir. 1999), 1362 ("Whether a prior art reference anticipates a patent claim is a question of fact.").

Experts may rely on any evidence that is "reasonably relied upon by experts in the field," even if that evidence would otherwise be inadmissible.  *See, e.g.*, *Inline Connection Corp. v. AOL Time Warner Inc.*, 472 F. Supp. 2d 604, 613 (D. Del. 2007) (citing Fed. R. Evid. 703). Further, an expert is not required to have personal or firsthand knowledge in order to offer opinions on a fact or matter.  *See id.* (citing *Daubert*, 509 U.S. at 592 ("[a]n expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation.")). The credibility of an expert's testimony is a question of weight rather than admissibility. *Kannankeril*, 1258 F.3d at 806. ("Admissibility decisions focus on the expert's methods and reasoning; credibility decisions arise after admissibility has been determined.").

Oral testimony, given alone, requires corroboration to prove that prior art was in public use.  *See, e.g.*, *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d at 1369.  Corroboration is evaluated under a "rule of reason" analysis, where the evaluator must consider <u>all</u> the pertinent evidence.  *See, e.g.*, *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577, 38 USPQ2d 1288, 1291 (Fed. Cir. 1996) (quoting *Price v. Symesk*, 988 F.2d 1187, 1195 (Fed. Cir. 1993).

## V.   ARGUMENT

BT's motion should be denied because (i) it provides no legal basis to exclude the testimony of Mr. Trevor and (ii) its factual claims about Mr. Trevor's testimony are inaccurate and omit essential facts that demonstrate Mr. Trevor's clear and in fact unique qualifications to testify.

BT provides no legal authority to support its contention that Mr. Trevor's opinions are unreliable.  Instead, BT repeatedly cites *Juicy Whip*, 292 F.3d 728 (Fed. Cir. 2002), to suggest that uncorroborated testimony should be excluded.  *Juicy Whip*, however, does not pertain to or even address a motion to exclude testimony; nor do any of the other cases cited by BT.  BT's motion is legally flawed because (i) whether prior art was in public use is a question of fact that should be left for the jury, (ii) all of BT's challenges, if at all relevant, go to the weight given to Mr. Trevor's testimony.

BT's entire motion is premised on its assumption that CompuServe and Lotus Notes, as described by Mr. Trevor, did not exist.  BT is unable to point to a <u>single</u> feature or functionality pertinent to Mr. Trevor's testimony that was not available in CompuServe and Lotus Notes prior to 1997.  Questioning the reliability of Mr. Trevor's opinions (particularly without presenting any factual basis to do so) is different than providing <u>factual evidence</u> that his opinions are incorrect.

Lastly, BT's claims that Mr. Trevor's opinions are uncorroborated are baseless.  For both CompuServe and Lotus Notes, Mr. Trevor's testimony is corroborated by a number of publications.   For CompuServe, Mr. Trevor's testimony is further corroborated by a video documenting Mr. Trevor's use of the CompuServe software as it existed in 1995.

A.    **All of BT's Challenges Go to the Weight, Not the Admissibility, of Mr. Trevor's Testimony**

BT's motion only disputes whether Mr. Trevor's opinions are correct, not whether they are unreliable or not "helpful to the trier of fact."[1]  *See In re Paoli*, 35 F.3d at 744.   All of BT's challenges, primarily whether CompuServe and Lotus Notes, as described by Mr. Trevor, were in public use before the filing of the patent, go <u>solely</u> to the weight afforded to Mr. Trevor's testimony.  Instead, BT attempts to fabricate a <u>factual</u> dispute about whether CompuServe and Lotus Notes were in public use.

Further, BT alleges that its motion to exclude Mr. Trevor's testimony is based on Rule 702, but provides no case law to support its motion.   In lieu of supporting authority, BT repeatedly conflates issues for resolution by a jury (i.e. questions of fact) with the Court's gatekeeping functionality under Rule 702.  Trevor Op. Brief (D.I. 259), pp. 1-2, 13.  Specifically, BT states that "when invalidity is asserted based on prior public use of a product, the party making the assertions bears the burden of showing that the product meets each of the limitations of the claim…."  *Id.* at p. 13.   This is not an issue for a *Daubert* motion; a *Daubert* motion concerns an expert's qualifications and competence, not whether a party can ultimately meet its burden at trial.  *See, e.g., Walker*, 46 Fed. Appx. at 695, 2002 U.S. App. Lexis 19237, at **7-10.

---

[1] BT has not contested Mr. Trevor's qualifications as an invalidity expert to the '079 patent. *See* Trevor Op. Brief (D.I. 259).

**B.** **As Described by Mr. Trevor, CompuServe and Lotus Notes Were in Public Use Prior to 1997**

BT's suggestion that CompuServe and Lotus Notes were not in public use is baseless. BT cites <u>no</u> evidence to support its argument that CompuServe and Lotus Notes, as described by Mr. Trevor, were not in public use prior to 1997.  Trevor Op. Brief (D.I. 259).  BT's invalidity rebuttal expert never once argued that CompuServe and Lotus Notes were not in public use prior to 1997, nor does BT's expert provide any basis to conclude that Mr. Trevor's analysis is unreliable.  *See* Greenspun Rebuttal, ¶¶ 168-266.  Further, BT's expert Dr. Greenspun admitted that CompuServe was "complete and up and running . . . 20 years ago [in] 1993."  Greenspun Tr. 364:13-365:6.   Mr. Trevor dedicates 128 pages in his reports on CompuServe and 48 pages on Lotus Notes.  *See* (CompuServe) - Trevor Op., pp. 20-24, Appendices C-1 to C-3; Trevor Reply, pp. 13-33; (Lotus Notes) - Trevor Op., pp. 26-27, Appendix C-5; Trevor Reply, pp. 42-50.  Although the evidentiary basis for Mr. Trevor's conclusions are clear, the same cannot be said for BT's insistence that CompuServe and Lotus Notes, as described by Mr. Trevor, were not in public use prior to 1997.

Further, BT's contention that CompuServe and Lotus Notes are not prior art is premised on omissions and mischaracterizations of Mr. Trevor's testimony.  BT's opening brief <u>never</u> mentions the fact that Mr. Trevor was the Chief Technical Officer for CompuServe from 1980-1996.  *See* Trevor Op. Brief (D.I. 259); Trevor CV, p.2; Trevor Tr. 13:20-16:18.  Mr. Trevor, as indicated by his reports and deposition testimony, had personal knowledge and involvement in the design and testing of the identified CompuServe products.  Trevor Op., ¶ 8; Trevor Tr. 36:7-37:17; 131:22-133:4; 139:15-140:5.   BT not only omits this key fact but misconstrues Mr. Trevor's testimony.  BT repeatedly cites Mr. Trevor's testimony to suggest that he was unaware of changes in CompuServe and Lotus Notes.  Trevor Op. Brief (D.I. 259), pp. 8-11; 14.  BT

provides no explanation for why these changes are relevant or even controlling to the invalidity analysis.  For example, Mr. Trevor repeatedly states that he was aware of all of the changes to CompuServe software, that the majority of changes were fixes relating to bugs (i.e. non-substantive), and that these changes "weren't relevant to the matter at hand [i.e. his invalidity analysis]."  Trevor Tr. 34:21-37:17; *see also* 131:22-133:4.

BT's opening brief alleges that element 14.b ("storing customer identities, respective customer-associated lists of identities of information items, hereinafter referred to as items, for which the respective associated customer has access rights, and identities of item-associated information sources which store the respective items.") demonstrates that Mr. Trevor's opinions rely on "an amalgamation cobbled together by [Mr. Trevor] from different versions of the products."  Trevor Op. Brief (D.I. 259), p. 13.  Contrary to BT's argument, Mr. Trevor testified that for all of the CompuServe and Lotus Notes products, he was unaware of any changes between versions that would affect his analysis.  *See, e.g.*, Trevor Tr. 120:4-23, 131:22-133:4; 139:15-140:5.  For example, for CompuServe, Mr. Trevor testified that he had (i) personal knowledge of all the changes between versions of CompuServe and (ii) that none of these changes affected the data storage mechanisms used by CompuServe, the relevant mechanisms cited by Mr. Trevor in forming his opinions.  *See id.*; *see also*, Trevor Tr. 148:19-149:23. Tellingly, BT's opening brief omits this testimony.  Similarly, Mr. Trevor testified that, based on his analysis, there was no reason to believe that data storage functionality of Lotus Notes varied from versions 3.0 to version 4.0.  *Id.,* at 157:3-14; 157:24-158:10.  BT had a full and fair opportunity to question Mr. Trevor on these issues or attempt to show that Mr. Trevor was wrong, yet BT is unable to cite any evidence that would contradict Mr. Trevor's testimony or the corroborating evidence.

13

Further, <u>at no point during his deposition</u> did Mr. Trevor indicate that any of the changes to these CompuServe and Lotus Notes products would have affected his opinions.  *See, e.g.*, *id.*, at 34:21-37:17; 131:22-133:4; 157:3-14; 157:24-158:10.   Once again, BT's speculative arguments go solely to the weight of Mr. Trevor's testimony, not the reliability and admissibility of his testimony.  As such, BT has provided no basis to exclude Mr. Trevor's testimony.

### C.    Mr. Trevor's Opinions on CompuServe and Lotus Notes Are Corroborated

BT's corroboration arguments are also without merit.[2]   The essence of BT's corroboration argument is that "the combination of these user manuals cannot corroborate Mr. Trevor's testimony because Mr. Trevor has no personal knowledge as to the nature of the changes in these products or the timing of these changes that would justify his combining these references."  Trevor Op. Brief (D.I. 259), p.11.  BT, however, provides no proper authority to support its argument and as shown above, BT's argument is factually wrong.

First, Mr. Trevor's opinions are in fact corroborated by multiple publications and testing of the products as they existed prior to 1997.  Specifically, Mr. Trevor provides nine publications and a demonstration video of the CompuServe software to corroborate his opinions on CompuServe.  *See* Sections III.B, above.  Similarly, Mr. Trevor provides three publications to corroborate his opinions on Lotus Notes.  *See* Sections III.C, above.  For both CompuServe and Lotus Notes, Mr. Trevor's opinions are well corroborated.

Second, BT's reference to Mr. Trevor's testimony in a prior case, which did not include much of the corroborating evidence provided in this case, is unavailing.  In *Soverain*, Mr. Trevor

---

[2]As an initial matter, BT's challenges regarding corroboration are more appropriately suited for a motion in *limine*.  BT's corroboration challenge attempts to circumvent the Court's three motion in *limine* limit (as well as the three page limit for each motion).  *See* Joint Scheduling Order (D.I. 26), pp. 9-10.

testified as a <u>fact witness</u>, not an expert.  Expert witnesses can testify as to opinions, and have greater latitude on what evidence they may base their opinions.  *See Inline Connection Corp.*, 472 F. Supp. 2d at 613.  Moreover, the district court ordered that Mr. Trevor's testimony could still be presented, but outside the presence of the jury.  Most significantly, the Federal Circuit reversed the district court's finding of no invalidity and repeatedly relied upon the testimony from Mr. Trevor that was allegedly excluded.  *Soverain Software LLC v. Newegg Inc.*, 705 F.3d 1333, 1338-41 (Fed. Cir. Jan. 22, 2013).  In addition, in the present case, Mr. Trevor also has provided additional corroborating evidence that was not provided in the *Soverain* case, including additional publications and a video showing operations of software as the software existed in 1995.  BT omits all of these facts in an ill-fated attempt to demonstrate that Mr. Trevor's testimony is uncorroborated.  Instead, the *Soverain* case shows that Mr. Trevor's testimony should not be excluded.

## VI.  CONCLUSION

For the reasons set forth above, Google respectfully requests that the Court deny BT's Motion to Exclude Mr. Trevor's invalidity testimony on CompuServe and Lotus Notes.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Paul Saindon*

_____
Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
Eleanor Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com
etennyson@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Dimitrios T. Drivas
Kevin X. McGann
Jeffrey J. Oelke
John P. Scheibeler
Robert E. Counihan
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036
(212) 819-8200

December 2, 2013
7817960

16

## CERTIFICATE OF SERVICE

I hereby certify that on December 9 , 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 9, 2013, upon the following in the manner indicated:

Melanie K. Sharp, Esquire                                    *VIA ELECTRONIC MAIL*
Monte T. Squire, Esquire
Robert M. Vrana, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for British Telecommunications plc*

James H. Shalek, Esquire                                    *VIA ELECTRONIC MAIL*
Robert Mayer, Esquire
Joon Yoon, Esquire
Fabio Tarud, Esquire
Jonathan M. Sharret, Esquire
Elias Schilowitz, Esquire
Alan Federbush, Esquire
John C. Stellabotte, Esquire
Nolan M. Goldberg, Esquire
Ryan Pifer, Esquire
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036-8299
*Attorneys for British Telecommunications plc*

Justin J. Daniels, Esquire                                    *VIA ELECTRONIC MAIL*
Sean D. Whaley, Esquire
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
*Attorneys for British Telecommunications plc*

1

Michael W. McDermott, Esquire                          *VIA ELECTRONIC MAIL*
David B. Anthony, Esquire
BERGER HARRIS, LLC
One Commerce Center, 3rd Floor
1201 North Orange Street
Wilmington, DE  19801
*Attorneys for British Telecommunications plc*


                                        */s/ Paul Saindon*
                                        Paul Saindon (#5110)

2