# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**PAUL C. SAINDON**
(302) 351-9466
(302) 225-2567 FAX
psaindon@mnat.com

January 28, 2014

The Honorable Leonard P. Stark                                         *BY ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

        Re:    *British Telecommunications PLC v. Google Inc.*
                C.A. No. 11-1249 (LPS)

Dear Judge Stark:

        I write in response to British Telecommunication plc's ("BT") letter of last night and to clarify Google Inc.'s ("Google") position on the narrowing of invalidity references in light of that letter. As explained below, Google has substantially narrowed the number of references it intends to use and the volume of information is more than reasonable under the circumstances.

        BT complains in its letter that Google's proposal "would allow it to rely on an unlimited number of documents to support 'CompuServe' resulting in little narrowing of the case at all." (D.I. 387 at 2). This is incorrect; most of the "three-quarters of 267 prior art references" that BT took issue with at the pretrial conference do not relate to CompuServe. (Pretrial Conf. Tr. at 155:14-19). Google significantly narrowed its prior art references, and has also dropped the Lotus Notes prior art system. More importantly, the CompuServe prior art system will largely be proven through testimony demonstrating the testing that Mr. Trevor performed and supported by corroborating documentation. As the Court held in allowing Mr. Trevor to testify, corroboration comes in the form "various documents that he has cited, including manuals from different versions." (Pretrial Conf. Tr. at 142:4-10). BT is attempting to limit that corroborating evidence to only four documents, hindering Google's ability to put on a convincing corroboration story for the jury. Indeed having multiple documents may, in and of itself, be probative for the jury. BT's proposal is unduly prejudicial to Google's invalidity defense and should not be adopted.

        Similarly for the '309 Patent, one of Google's primary references is a patent that refers to using the GSM mobile system. As GSM was a known system and patents are directed to persons of ordinary skill in the art, the patent in question did not necessarily describe every

The Honorable Leonard P. Stark
January 28, 2014
Page 2

feature that was inherent in GSM. Thus, Google will be referring to other systems that describe the features inherent in GSM, as described in expert reports. Google also intends to rely upon the AT&T UPCS system that reflects the state of the art with respect to intelligent networks. Although portions of this are contained in several documents, they all relate to the same general disclosure. If the number of supporting documents Google is permitted to use to show all the accused features of the asserted claims is limited, Google will be severely prejudiced in presenting its defense.

With respect to the '598 patent, there are two independent claims Google must address that concern distinct concepts. Nonetheless, Google has already limited itself to a total of five references for the '598 patent.

As described in Google's letter to the Court (D.I. 386) and as reproduced below, Google has drastically cut back the primary references it is asserting invalidate three different patents with nine asserted claims. This is hardly an overwhelming amount of information for BT to prepare, and is in fact fewer per patent than in *KSR*. Taken together, this list reflects at most a few primary references in terms of technology, but requires supporting disclosure or corroboration of what the technology actually was at the time. BT's proposal would unduly limit the support for each system and attempts to substantively limit Google's invalidity case beyond what Google intends to present at trial.

'309 Patent

- The Global System for Mobile telecommunication ("GSM") supported by the references identified in the Kripalani Report
- The AT&T UPCS system supported by the references identified in the Kripalani Report
- U.S. Patent No. 5,255,307 (Mizikovsky)
- GB 2 272 607 (Beddoes)
- U.S. Patent No. 5,353,331 (Emery)
- U.S Patent No. 5,303,297 (Hillis)
- U.S. Patent No. 5,406,615 (Miller)

'079 Patent

- Japanese Published Patent Application No. H4-311252 (Matsui) alone and/or in combination with U.S. Patent No. 5,696,898 (Baker)
- CompuServe (including each of the functionalities described in the Trevor report) supported by the references identified in the Trevor Report

The Honorable Leonard P. Stark
January 28, 2014
Page 3

'598 Patent

- U.S. Patent No. 6,577,714  (Darcie)
- U.S. Patent No. 6,107,961 (Takagi)
- "Duet: An Agent-Based Personal Communications Network," by Iida et al.
- U.S. Patent No. 6,047,327  (Tso)
- U.S. Patent No. 6,122,520 (Want)

BT's proposal seeks to dictate how Google may present its defenses.  BT provides no authority to support the Draconian limits of two references for each patent and four documents in support of a system. Google's identification of its primary prior art references, and the combinations that were expressly laid out in expert reports, is more than reasonable given the number of patents and claims at issue here.  It would be unfair and prejudicial to further limit Google's ability to present its defenses.  Thus, Google respectfully requests that the Court deny any request by BT to place further arbitrary limits on the number of references or documents describing a prior art system or reference that Google may use.

Respectfully,

*/s/ Paul Saindon*

Paul Saindon (#5110)

PS:ncf
cc:   Clerk of Court (By Hand Delivery)
      All Counsel of Record (By Electronic Mail)

7956958